**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY, a California corporation; CHEVRON U.S.A. INC., a Pennsylvania corporation,<br><br>        Plaintiffs-Appellees,<br><br> v.<br><br>ENVIRONMENTAL PROTECTION CORPORATION,<br><br>        Defendant,<br><br> v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, successor in interest to Landmark Insurance Company and New Hampshire Insurance Company; Proposed Intervenor,<br><br>        Movant-Appellant. | No. 20-16206<br><br>D.C. No.<br>1:19-cv-00807-NONE-JLT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted October 17, 2022[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: CLIFTON, NGUYEN, and OWENS, Circuit Judges.

National Union Fire Insurance Company ("National Union") appeals the district court's denial of its motion to intervene in an action between Chevron Environmental Management Company ("Chevron") and Environmental Protection Corporation ("EPC"). We review the denial of a motion to intervene as of right de novo and review a district court's timeliness ruling for abuse of discretion. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 918–19 (9th Cir. 2004). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"Under Rule 24(a)(2), a nonparty is entitled to intervention as of right when it '(i) timely moves to intervene; (ii) has a significantly protectable interest related to the subject of the action; (iii) may have that interest impaired by the disposition of the action; and (iv) will not be adequately represented by existing parties.'"[1] *Western Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022)

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Although National Union also moved for permissive intervention under Rule 24(b), the district court declined to analyze that issue separately because the timeliness standard for intervention as of right is "more lenient." *See League of Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (holding that the denial of a motion for intervention as of right as untimely is "controlling" of a motion for permissive intervention). National Union does not challenge that conclusion.

(citation omitted). Timeliness is a "threshold requirement for intervention." *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021) (quoting *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)). The timeliness of a motion to intervene is assessed by examining three factors: (1) the stage of the proceedings; (2) prejudice to other parties; and (3) the reason for and length of the delay. *See Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016).

The record clearly shows that National Union was on notice that EPC would not adequately protect its interests when it received the complaint, which specifically alleged that EPC was a suspended corporation. As a suspended corporation, EPC lacked legal capacity to defend itself unless the suspension lifted. *See Casiopea Bovet, LLC v. Chiang*, 219 Cal. Rptr. 3d 157, 161 (App. 2017).

The district court did not err in determining that National Union's conclusory assertions of non-receipt failed to rebut the presumption that National Union received Chevron's June 17 letter with a copy of the complaint. *See Baldwin v. United States*, 921 F.3d 836, 840 (9th Cir. 2019); *Dandino, Inc. v. U.S. Dep't of Transp.*, 729 F.3d 917, 921 (9th Cir. 2013). The district court reasonably determined that the unsigned return receipt supported delivery given that the letter was not returned to sender, the face of the receipt stated that the letter was delivered on June 21, and the return receipt was also unsigned in the two mailings that National Union undisputedly received on September 11, 2019 (before the

judgment) and October 9, 2019 (six days after the judgment).

National Union did not move to intervene until five months after it was put on notice of EPC's suspension. At that point, the district court had awarded Chevron a default judgment for approximately $18 million. Under these circumstances, the district court did not abuse its discretion in determining that all three factors—the stage of the proceedings, the prejudice to the nonmoving party, and the length and reason for the delay—weighed against the timeliness of National Union's motion. *See Smith*, 830 F.3d at 854.

**AFFIRMED.**